# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JACQUELYN KREISEL,**

    **Plaintiff,**

    v.

                                  **Civil Action 2:15-cv-1791**
                                  **Judge George C. Smith**
                                  **Magistrate Judge Elizabeth P. Deavers**

**LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Upon report that this case was settled, the Court directed the parties to file either an appropriate entry of dismissal or a status report by November 19, 2015.  (ECF No. 14.)  On November 19, 2015 Defendant filed a status report indicating that the parties reached a full settlement embodied in a signed, confidential settlement agreement.  (ECF No. 15.)  Defendant also stated that Plaintiff confirmed receipt of the full settlement amount.  (*Id*.)  According to Defendant, counsel could not reach Plaintiff, who, therefore, did not join in the status report. (*Id*.)  Plaintiff did not respond to the Court's October 19, 2015 Order to submit a status report. On February 4, 2016 the Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution within fourteen days of the date of the Show Cause Order. (ECF No. 16.)  To date, Plaintiff has failed to respond to the Court's Show Cause Order.  This matter is, therefore, before the Court for consideration of Plaintiffs' failure to comply with two

of this Court's Orders and failure to prosecute.  For the reasons set forth below, it is **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute.

The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of its failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).  "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Plaintiff has failed to respond to the Court's February 4, 2016 Show Cause Order.  The Show Cause Order cautioned Plaintiff that failure to comply would result in dismissal for want of prosecution of her claims against Defendant.  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward*, 8 F. App'x at 296.

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 24, 2016         /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  UNITED STATES MAGISTRATE JUDGE